UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

KATHLEEN MAYS, Ph.D.,

                          Plaintiff,

          vs.

WASHINGTON SQUARE INSTITUTE FOR
PSYCHOTHERAPY AND MENTAL HEALTH,
GERD H. FENCHEL, Ph.D.

                          Defendants.

------------------------------------------------------------ X

Case No.:  07 CIV 5976 (BSJ)

**ANSWER**

Defendants WASHINGTON SQUARE INSTITUTE FOR PSYCHOTHERAPY AND MENTAL HEALTH (the "Institute"), and GERD H. FENCHEL, Ph.D. ("Fenchel") (jointly, "Defendants"), by their attorneys, Gordon & Rees, LLP, as and for their Answer to the Complaint filed by Plaintiff Kathleen Mays, Ph.D. ("Plaintiff"), respectfully allege as follows:

### ANSWERING PRELIMINARY STATEMENT

1.    Deny the allegations in paragraph "1" of the Complaint except admit Plaintiff purports to describe the nature of her Complaint.

### ANSWERING JURISDICTION AND VENUE

2.    Deny the allegations in paragraph "2" of the Complaint except admit Plaintiff filed a Charge of Discrimination against the Institute on or about September 12, 2006 with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NSDHR").

3.    Deny knowledge and information sufficient to form a belief as to when Plaintiff received the EEOC "Right to Sue" letter as alleged in paragraph "3" of the Complaint, but admit that the EEOC issued a "Right to Sue" letter dated March 22, 2007 at Plaintiff's request.

4.    Deny each and every allegation in paragraph "4" of the Complaint except admit that Plaintiff is attempting to establish proper jurisdiction and respectfully refer all questions of law to the Court.

5.    Deny each and every allegation in paragraph "5" of the Complaint except admit that Plaintiff is attempting to establish proper jurisdiction and respectfully refer all questions of law to the Court.

6.    Deny each and every allegation in paragraph "6" of the Complaint except admit that Plaintiff is attempting to establish proper jurisdiction and respectfully refer all questions of law to the Court.

7.    Deny each and every allegation in paragraph "7" of the Complaint except admit that Plaintiff is attempting to establish proper venue and respectfully refer all questions of law to the Court.

## ANSWERING PARTIES

8.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of the Complaint and respectfully refer all questions of law to the Court.

9.    Deny the allegations in paragraph "9" of the Complaint except admit that the Institute is a not-for-profit psychoanalytic educational institute, devoted to education, research, and propagation of psychoanalytic thought and practice, with a principal place of business located at 41-51 East 11th Street, New York, New York and respectfully refer all questions of law to the Court.

10.    Deny the allegations in paragraph "10" of the Complaint except admit that Fenchel is both the Dean and the Director of the Institute and works at 41-51 East 11th Street, New York, New York and respectfully refer all questions of law to the Court.

## ANSWERING STATEMENT OF FACTS

11.  Deny the allegations in paragraph "11" of the Complaint except admit that Plaintiff began working for the Institute as a Clinical Supervisor in 1990.

12.  Deny the allegations contained in paragraph "12" of the Complaint except admit that Plaintiff became a faculty member and Training Analyst of the Institute's Training program in 1993.

13.  Deny the allegations contained in paragraph "13" of the Complaint except admit that in 2000 Plaintiff became the Coordinator of Professional Affiliations and Special Projects at the Institute.

14.  Deny each and every allegation contained in paragraph "14" of the Complaint except admit that it was contemplated that Plaintiff *might* someday succeed Fenchel as Director of the Institute.

15.  Deny the allegations in paragraph "15" of the Complaint except admit that in 2001, Plaintiff was appointed the Assistant Director of the Institute.

16.  Deny the allegations in paragraph "16" of the Complaint except admit that as Assistant Director of the Institute, Plaintiff reported directly to Fenchel.

17.  Deny each and every allegation contained in paragraph "17" of the Complaint.

18.  Deny each and ever allegation contained in paragraph "18" of the Complaint.

19.  Deny each and every allegation contained in paragraph "19" of the Complaint.

20.  Deny each and every allegation contained in paragraph "20" of the Complaint except admit that on occasion, defendant Fenchel would show affection in a non-sexual manner.

21.  Deny each and every allegation contained in paragraph "21" of the Complaint except admit that on occasion, defendant Fenchel would show affection in a non-sexual manner.

22.  Deny each and every allegation contained in paragraph "22" of the Complaint.

23.  Deny the allegations in paragraph "23" of the Complaint except admit that Fenchel had asked Plaintiff to dinner with him when Fenchel's wife worked late and he did not wish to dine alone.

24.  Deny each and every allegation contained in paragraph "24" of the Complaint except admit that Plaintiff spoke to the Institute's Administrative Coordinator on one occasion regarding Fenchel in or around January 2006.

25.  Deny each and every allegation contained in paragraph "25" of the Complaint.

26.  Deny the allegations in paragraph "26" of the Complaint except admit that Fenchel wrote two letters to Plaintiff dated December 1, 2005 and February 15, 2006 and respectfully refers the Court to those letters for their content.

27.  Deny the allegations in paragraph "27" of the Complaint except admit that Fenchel wrote a letter to Plaintiff dated February 15, 2006 and respectfully refers the Court to that letter for its content.

28.  Deny each and every allegation contained in paragraph "28" of the Complaint.

29.  Deny each and every allegation contained in paragraph "29" of the Complaint.

30.  Deny each and every allegation contained in paragraph "30" of the Complaint except admit that  Fenchel did not recommend Plaintiff to be his successor in June 2006 because, among other reasons, she was not ready to assume such a position.

31.  Deny the allegations in paragraph "31" of the Complaint except admit that Plaintiff contacted Fenchel while he was on vacation in Bavaria with his wife, to discuss being paid for vacation days taken above what she was entitled to pursuant to the Institute's vacation policy.

32.  Deny each and every allegation contained in paragraph "32" of the Complaint except admit that Plaintiff voluntarily resigned on or about August 11, 2006.

## ANSWERING FIRST CAUSE OF ACTION

33. In response to paragraph "33" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" though "32" as if fully set forth herein.

34. Deny the allegations contained in paragraph "34" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

35. Deny the allegations contained in paragraph "35" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

36. Deny the allegations contained in paragraph "36" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

37. Deny each and every allegation contained in paragraph "37" of the Complaint.

38. Deny each and every allegation contained in paragraph "38" of the Complaint.

39. Deny each and every allegation contained in paragraph "39" of the Complaint.

40. Deny each and every allegation contained in paragraph "40" of the Complaint.

41. Deny each and every allegation contained in paragraph "41" of the Complaint.

42. Deny each and every allegation contained in paragraph "42" of the Complaint.

43. Deny each and every allegation contained in paragraph "43" of the Complaint.

44. Deny each and every allegation contained in paragraph "44" of the Complaint.

45. Admit that Plaintiff has not made a previous application for the relief she is requesting.

## ANSWERING SECOND CAUSE OF ACTION

46. In response to paragraph "46" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" though "45" as if fully set forth herein.

47.  Deny the allegations contained in paragraph "47" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

48.  Deny the allegations contained in paragraph "48" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

49.  Deny the allegations contained in paragraph "49" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

50.  Deny each and every allegation contained in paragraph "50" of the Complaint.

51.  Deny each and every allegation contained in paragraph "51" of the Complaint.

52.  Deny each and every allegation contained in paragraph "52" of the Complaint.

53.  Deny each and every allegation contained in paragraph "53" of the Complaint.

54.  Deny each and every allegation contained in paragraph "54" of the Complaint.

55.  Deny each and every allegation contained in paragraph "55" of the Complaint.

56.  Deny each and every allegation contained in paragraph "56" of the Complaint.

57.  Admit that Plaintiff has not made a previous application for the relief she is requesting.

## ANSWERING THIRD CAUSE OF ACTION

58.  In response to paragraph "58" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" though "57" as if fully set forth herein.

59.  Deny the allegations contained in paragraph "59" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

60.  Deny the allegations contained in paragraph "60" except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

61.  Deny the allegations contained in paragraph "61" except admit that Plaintiff purports

## ANSWERING FIFTH CAUSE OF ACTION

78. In response to paragraph "78" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" though "77" as if fully set forth herein.

79. Deny each and every allegation contained in paragraph "79" of the Complaint.

80. Deny each and every allegation contained in paragraph "80" of the Complaint.

81. Deny each and every allegation contained in paragraph "81" of the Complaint.

82. Deny each and every allegation contained in paragraph "82" of the Complaint.

83. Deny each and every allegation contained in paragraph "83" of the Complaint.

84. Deny each and every allegation contained in paragraph "84" of the Complaint.

85. Deny each and every allegation contained in paragraph "85" of the Complaint.

86. Admit that Plaintiff has not made a previous application for the relief she is requesting.

## ANSWERING SIXTH CAUSE OF ACTION

87. In response to paragraph "87" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" though "86" as if fully set forth herein.

88. Deny each and every allegation contained in paragraph "88" of the Complaint.

89. Deny each and every allegation contained in paragraph "89" of the Complaint.

90. Deny each and every allegation contained in paragraph "90" of the Complaint.

91. Deny each and every allegation contained in paragraph "91" of the Complaint.

92. Deny each and every allegation contained in paragraph "92" of the Complaint.

93. Deny each and every allegation contained in paragraph "93" of the Complaint.

94.  Deny each and every allegation contained in paragraph "94" of the Complaint.

95.  Admit that Plaintiff has not made a previous application for the relief she is requesting.

## ANSWERING SEVENTH CAUSE OF ACTION

96.  In response to paragraph "96" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" though "95" as if fully set forth herein.

97.  Deny each and every allegation contained in paragraph "97" of the Complaint except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

98.  Deny each and every allegation contained in paragraph "98" of the Complaint.

99.  Deny each and every allegation contained in paragraph "99" of the Complaint.

100. Admit that Plaintiff has not made a previous application for the relief she is requesting.

## ANSWERING EIGHTH CAUSE OF ACTION

101. In response to paragraph "101" of the Complaint, Defendants repeat and reallege each and every response made in paragraphs "1" though "100" as if fully set forth herein.

102. Deny each and every allegation contained in paragraph "102" of the Complaint except admit that Plaintiff purports to set forth a legal principle and respectfully refer all issues of law to the Court.

103. Deny each and every allegation contained in paragraph "103" of the Complaint.

104. Deny each and every allegation contained in paragraph "104" of the Complaint

105. Admit that Plaintiff has not made a previous application for the relief she is requesting.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

106. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

107. Any and all tangible employment actions affecting Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

108. Defendants have conducted their practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff.  Defendants have not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

109. Plaintiff unreasonably failed to avail herself of the preventative or remedial measures or the procedures for reporting discrimination and harassment under the Institute's employment policy.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

110. Plaintiff is barred or limited from recovering damages based on her failure to mitigate said damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

111. Some or all of Plaintiff's injuries are due, in whole or in part, to her own actions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

112. Some or all of Plaintiff's alleged claims are barred by the applicable statutes of limitations.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

113. Plaintiff is not entitled to punitive damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

114. Defendants acted promptly and appropriately under the circumstances to remediate the situation.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

115. Plaintiff's claims are barred in whole or in part by the Workers' Compensation Laws.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

116. This Court lacks subject matter jurisdiction with respect to some or all of Plaintiff's alleged claims since Plaintiff failed to perform the requisite statutory conditions precedent to a private cause of action.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety together with the costs and disbursements of this action.

Dated:      New York, New York
               August 28, 2007

Respectfully Submitted,

GORDON & REES, LLP

By:   *Thomas Coppola*
_____
Thomas Coppola (TC 1349)
Attorneys for Defendants
Washington Square Institute for
Psychotherapy and Mental Health and
Gerd H. Genchel, Ph.D.
90 Broad Street
23rd Floor
New York, NY  10004
(212) 269-5500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

KATHLEEN MAYS, Ph.D.,

                              Plaintiff,

        vs.

WASHINGTON SQUARE INSTITUTE FOR
PSYCHOTHERAPY AND MENTAL HEALTH,
GERD H. FENCHEL, Ph.D.

                              Defendants.

-------------------------------------------------------------- X

Case No.:  07 CIV 5976

**RULE 7.1 STATEMENT**

        Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned

counsel for defendant WASHINGTON SQUARE INSTITUTE FOR PSYCHOTHERAPY

AND MENTAL HEALTH, a private non-governmental party, certifies that it does not have

any corporate parents and no publicly held corporation owns more than 10% of its stock.

Dated: New York, New York
       August 28, 2007

                              GORDON & REES, LLP

                              BY: _Thomas Coppola_____
                              Thomas Coppola (TC 1349)
                              Attorneys for Defendants
                              90 Broad Street, 23rd Floor
                              New York, NY 10004
                              (212) 269-5500