

BROACH & STULBERG, LLP
ATTORNEYS AT LAW

ROBERT B. STULBERG*
TELEPHONE EXTENSION 13
rstulberg@brostul.com

ONE PENN PLAZA
SUITE 2016
NEW YORK, NEW YORK 10119
(212) 268-1000
FAX (212) 947-6010
www.brostul.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: Sept 15, 2008

RECEIVED
SEP 12 2008
CHAMBERS OF
THEODORE H. KATZ
US MAGISTRATE JUDGE

September 12, 2008

**BY FACSIMILE**

Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Kathleen Mays, Ph.D. v. Washington Square Institute for Mental Health and Psychotherapy and Gerd H. Fenchel, Ph.D., 07 CV 5976 (BSJ)(THK)

Dear Judge Katz:

    On behalf of Kathleen Mays, Ph.D. the plaintiff in the above-referenced action, we write in response to a letter, dated September 10, 2008, from defendants' counsel to Your Honor. That letter misrepresents the course and status of discovery and unnecessarily seeks the Court's intervention as to matters which should be discussed and resolved between counsel, pursuant to this Court's Individual Rules, as set forth in Your Honor's September 6, 2007 letter to counsel.

    Throughout discovery, defendant's counsel has been quick to accuse this firm of alleged misdeeds, but slow to comply with its own obligations or to cooperate in resolving disputes. Defendant's counsel's delays and lack of cooperation have obstructed discovery in several respects.

**Scheduling of Depositions**

    By email to defendant's counsel, dated February 26, 2008, we identified at least seven individuals who plaintiff sought to depose and reserved the right to modify or add to that list. We asked defendant's counsel for their availability and that of their witnesses for those depositions. By email to defendants' counsel on March 11, 2008, we also asked which of the seven deponents were no longer employed by defendant Washington Square Institute for Mental Health and Psychotherapy ("WSI"), and for defendants' counsel's blackout periods for depositions.

Honorable Theodore H. Katz
September 12, 2008
Page 2

We received no response to our February 26 and March 11, 2008 inquiries prior to implementation of a stay of discovery pending mediation on or about March 28, 2008. After the mediation ended, without success, on May 28, 2008, we sent emails to defendant's counsel, dated June 3 and June 30, 2008, reiterating our February 26 and March 11, 2008 inquiries and explaining that we needed to know which deponents were no longer employed by WSI so that we could issue subpoenas to them. To date, we have received no response from defendants' counsel to the inquiries made in the above-referenced emails.

With respect to plaintiff's deposition, defendant's counsel notified us, by facsimile received August 27, 2008, that it planned to take plaintiff's deposition seven or eight business days later, on September 8 and/or 9, 2008. By voicemail message to defendants', dated August 29, 2008, we explained that we were unavailable to defend plaintiff's deposition on those dates and asked defendants' counsel to call us to discuss alternative dates. When we did not receive a return call for a week, we left the same message for defendant's counsel on September 5, 2008. Rather than confer with us concerning available dates for depositions of plaintiff and other deponents, however, defendants chose to send their September 10 facsimile letter to Your Honor. Notwithstanding defendants' counsel's combative approach to discovery scheduling, we will continue our efforts to try to arrange mutually agreeable dates for depositions.

### Confidentiality Stipulation

In March 2008, the parties exchanged drafts of a Confidentiality Stipulation. By email to defendants' counsel, dated March 24, 2008, we proposed a Confidentiality Stipulation incorporating certain revisions that defendants' counsel had requested. Four days later, defendants' counsel requested the stay of discovery pending mediation. As stated above, mediation occurred on May 28, 2008 but was unsuccessful. We received a facsimile of a Confidentiality Agreement, signed by defendants' counsel, on June 27, 2008 and the original of that document on July 1, 2008. Thus, contrary to the allegation of defendants' counsel, plaintiff has cooperated fully in preparing a Confidentiality Stipulation and bears no responsibility for delay in that regard.

### Medical Authorizations

By email to defendants' counsel, dated June 3, 2008 -- four business days after the mediation session -- we requested that defendants provide us with HIPAA-compliant authorization forms for the medical professionals identified in plaintiff's interrogatory responses, which plaintiff could execute. When we received no response to that request, we sent another email, dated June 30, 2008, to defendants' counsel, inquiring whether defendants intended to send us the authorizations or was requesting that we draft the authorizations. When we did not receive a response to that inquiry, we prepared authorizations and arranged to have plaintiff sign

Honorable Theodore H. Katz
September 12, 2008
Page 3

them. The signed authorizations were delivered to defendants' counsel on July 25, 2008.

Most of the medical professionals to whom the authorizations were sent have provided documents in response. To the extent that certain of those medical professionals have not yet responded, we are taking steps to assure that they do so promptly. We also have advised defendants' counsel that we are preparing authorizations for release of records by pharmacists who dispensed medications for plaintiff, and expect to have those authorizations delivered to defendants' counsel shortly.

### Document Production

By email to defendants' counsel on June 30, 2008, we requested all confidential documents that are responsive to plaintiff's document requests but that had been withheld pending execution of the Confidentiality Stipulation. In that email, we also asked whether defendants had completed their document production, except for confidential documents. In that email, we also asked for a copy of the insurance policy under which counsel is being provided to defendants. We have received no response to those requests.

### Status of Discovery

At this juncture, depositions of plaintiff and of at least seven other deponents, including defendant Gerd H. Fenchel, Ph.D., need to be scheduled and completed. In addition, before those depositions are conducted, both parties need to resolve certain outstanding matters with respect to document production, including those referenced above.

By telephone voicemails left for defendants' counsel on August 29 and September 5, 2008 and by email to defendants' counsel dated September 7, 2008, we proposed that the parties mutually request an extension of the September 26, 2008 discovery deadline, and requested that defendants' counsel call us to discuss a mutually agreeable extension date (as well as deposition dates). To date, we have received no response to those messages and that email. Given the need to schedule and complete depositions, intervening legal and Jewish holidays, and intervening litigation commitments, we request that the discovery deadline in this action be extended to November 28, 2008.

Based on the foregoing facts, we strenuously object to defendants' counsel's request for an Order compelling plaintiff's deposition, and to defendants' counsel's suggestion that monetary sanctions may be appropriate in these circumstances.

Honorable Theodore H. Katz
September 12, 2008
Page 4

    We appreciate the opportunity to bring these matters to Your Honor's attention.

                                                       Respectfully submitted,

                                                       BROACH & STULBERG

                                                       By: _____
                                                            Robert B. Stulberg

cc:     Diane Krebs, Esq. (by facsimile and regular mail)
        Thomas B. Coppola, Esq. (by facsimile and regular mail)

---

*[Handwritten note:]* The fact discovery deadline is extended to November 28, 2008. Expert discovery deadline is 1/30/09. The Court expects counsel to meet and confer about the matters set forth in both letters. That means that counsel must speak with each other.

**SO ORDERED**
9/15/08 _____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE